**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CURTIS E. SMITH, JR.,

    Petitioner,

v.                                          Case No. 3:17-cv-113-J-32JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

    Respondents.

## ORDER

**I. Status**

Petitioner Curtis E. Smith, Jr., an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on January 26, 2017.[1] Smith challenges a 2009 state court (Duval County, Florida) judgement of conviction for which he is currently serving a thirty-year term of incarceration. Doc. 1 at 1. Respondents assert the Petition is untimely filed and request dismissal of this case with prejudice. See Motion

---

[1] The Petition does not contain a prison stamp, so the Court recognizes the file date as the date affixed to the certificate of service. See Doc. 1 at 12.

to Dismiss Petition for Writ of Habeas Corpus (Doc. 15) (Resp.).[2] Smith filed a Reply. See Doc. 17; Doc. 18.[3] This case is ripe for review.[4]

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

---

[2] Attached to the Response are several exhibits. The Court cites to the exhibits as "Resp. Ex."

[3] On October 16, 2018, the Court entered an Order denying Smith's request for appointment of counsel, but clarified that the Court will consider Smith's factual allegations regarding equitable tolling that were contained in the request. See Doc. 19.

[4] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

> prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

On March 10, 2009, a jury found Smith guilty of aggravated battery with a deadly weapon (count one) and shooting or throwing deadly missiles (count three).[5] Resp. Ex. B1 at 103-04. On April 17, 2009, the trial court adjudicated Smith as a Habitual Felony Offender as to count one and count two, and a Prison Releasee Reoffender as to count one only. Id. at 129-35. The trial court sentenced Smith on count one to a thirty-year term of incarceration with a twenty-year minimum mandatory pursuant to section 775.087, Florida Statutes, and fifteen-year minimum mandatory

---

[5] The state nolle prossed count two.

3

as a PRR. Id. The trial court sentenced Smith on count three to a concurrent thirty-year term of incarceration. Id.

The First District Court of Appeals per curiam affirmed Smith's judgment and sentences without a written opinion on August 16, 2010. Resp. Ex. B7. Smith's judgment and sentences became final ninety days later on November 15, 2010.[6] See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3)). As such, Smith's one-year statute of limitations began the next day, November 16, 2010.

Smith's one-year ran for 338 days until it was tolled on October 20, 2011, when Smith filed his first and only Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.[7] Resp. Ex. C1 at 1-22. On August 2, 2016, the trial court entered

---

[6] The ninetieth day fell on a Sunday, so Smith had until Monday, November 15, 2010, to file a petition with the United State Supreme Court.

[7] Respondents calculate that Smith filed his Rule 3.850 motion on day 339 of his one-year. Resp. at 4. The Court infers that Respondents reached this calculation because they believe Smith's one-year started on the same day that his judgment and sentence became final. However, when calculating a period of time that is stated in days or a longer unit, courts should exclude the day of the event that triggers the period. See Fed. R. Civ. P. 6(a)(1).

4

an order denying Smith's Rule 3.850 motion.[8] Resp. Ex. C1 at 41-256. On September 2, 2016, Smith filed a notice of appeal with the First DCA. Resp. Ex. C1 at 257. On September 30, 2016, the First DCA sua sponte ordered Smith to show cause as to why his appeal should not be dismissed as untimely. Resp. Ex. C2. Thereafter, on October 24, 2016, the First DCA issued an opinion per curiam dismissing Smith's appeal as untimely. Resp. Ex. C5. The mandate was issued on January 6, 2017. Resp. Ex. C10.

Because Smith's September 2, 2016, notice of appeal was dismissed as untimely, it was not a "properly filed" pleading that statutorily tolled his one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005); Cardona v. Sec'y Dept. of Corr., No. 8:13-cv-2119-T-33-MAP, 2015 WL 1880765, *2 (M.D. Fla. Apr. 24, 2015). As such, Smith's one-year recommenced when the time for filing a timely notice of appeal expired, September 1, 2016. With 338 days having previously elapsed, Smith's one-year expired twenty-seven days later, on September 28, 2016. Therefore, the Court finds that the Petition, filed on January 26, 2017, is untimely filed.

Because the Petition is untimely, to proceed, Smith must show he is entitled to equitable tolling. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816,

---

[8] Initially, Respondents erroneously state that the trial court rendered its order denying Smith's Rule 3.850 motion on August 1, 2016, the date that the trial judge signed the order. Resp. at 3. However, according to Florida Rule of Appellate Procedure 9.020(i), "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." The trial court's order was filed with the clerk, and thus rendered, on August 2, 2016. See State v. Smith, No. 16-2008-CF-13617-AXXX-MA (Fla. 4th Cir. Ct.).

5

821 (11th Cir. 2015). The United States Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (recognizing equitable tolling is an extraordinary remedy "limited to rare and exceptional circumstances and typically applied sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)(*per curiam*) (noting the Eleventh Circuit "held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Smith alleges that equitable tolling is warranted because he was unable to timely file his notice of appeal following the trial court's denial of his Rule 3.850 motion. See Doc. 18. According to Smith, on June 10, 2016, a riot occurred at Franklin Correctional Institution resulting in Smith being transferred to Okeechobee Correctional Institution on August 9, 2016. Id. Smith explains that he received the trial court's order of denial on August 23, 2016, but did not have an opportunity to go to the law library and get assistance in a timely manner, so he did not mail his notice of appeal until September 2, 2016. Id. at 1-2.

This Court finds Smith's argument unavailing. See Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (affirming a district court's dismissal of a habeas petition as untimely; "restricted access to a law library, lock-downs, and solitary confinement," as well as "lack of legal training" and "inability to obtain appointed

6

counsel" generally do not qualify as circumstances warranting equitable tolling); Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (finding that an inmate's "transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances"); Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perry v. Sec'y, Dep't of Corr., No. 6:14-cv-262-Orl-31TBS, 2016 WL 345526, at *3 (M.D. Fla. Jan. 28, 2016) (unpublished) (acknowledging that "[f]actors such as a lack of access to a law library, lack of legal papers, ignorance of the law, lack of education, and pro se status are not considered extraordinary circumstances that would excuse an untimely habeas petition" (citations omitted)).

After Smith received a copy of the trial court's order of denial, he had nine days to file a notice of appeal. The Court is not convinced that Smith's alleged lack of access to the law library prevented Smith from filing his notice of appeal on September 1, 2016, but he somehow obtained the means to file it on September 2, 2016. Instead, a review of Smith's response to the First DCA's order to show cause reveals that Smith believed, though erroneously, that his September 2, 2016, notice of appeal was timely filed, inferring that Smith intentionally filed it on that day. Resp. Ex. C3. The Court further finds that while a lack of a formal education presents some challenges, it does not excuse Smith from complying with the time constraints for filing a federal petition. See Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007), report and recommendation adopted by the District Court on March 14, 2007. As such, under these circumstances, the Court finds that Smith is not entitled to equitable tolling.

7

To the extent Smith claims actual innocence, he also fails to meet his burden. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To avoid the one-year limitations period based on actual innocence, a petitioner must "present new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quotations and citations omitted); see Schlup v. Delo, 513 U.S. 298, 327 (1995) (finding that to make a showing of actual innocence, a petitioner must show "that it is more likely than not that no reasonable juror would have found [the p]etitioner guilty beyond a reasonable doubt").

Smith has not offered any new reliable evidence that was not available at the time of his trial. He has not produced exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at the time of his trial. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. Instead, in Ground Two of his Petition, Smith raises a claim of ineffective assistance of counsel in which Smith claims he would have accepted a guilty plea, but for counsel's misadvise. See Doc. 1 at 5-6. This is not an "extraordinary" case under the Schlup standard.

## IV. Conclusion

For the forgoing reasons, the Petition is untimely filed and Smith has not shown an adequate reason why the dictates of the one-year limitations period should not be imposed upon him.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Respondents' Motion to Dismiss (Doc. 15) is **GRANTED** and this action is **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Smith appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[9]

---

[9] The Court should issue a certificate of appealability only if Smith makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Smith "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

9

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of December, 2018.

*/s/ Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:  Curtis E. Smith, Jr., #126177
    Michael McDermott, Esq.